IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01703-BNB

JOHNNY EDWARDS,

    Plaintiff,

v.

LUCY HERNANDEZ, individual and official capacity,
JUDY BRIZENDINE, individual and official capacity,
LAURIE KNAPP, individual and official capacity,
DOCTOR CALBING, individual and official capacity, and
CORRECTIONAL CORPORATION OF AMERICA, individual and official capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2009

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

At the time of filing, Plaintiff, Johnny Edwards, was a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Crowley County Correctional Facility. Mr. Edwards filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 asserting that his rights under the United States Constitution have been violated. On August 20, 2009, Magistrate Judge Boyd N. Boland determined that the Complaint was deficient for failure to allege the personal participation of all named Defendants, and ordered Mr. Edwards to file an Amended Prisoner Complaint. Mr. Edwards filed an Amended Prisoner Complaint on September 17, 2009.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Edwards is a prisoner and some of the Defendants are officers

or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the complaint in part as legally frivolous pursuant to § 1915A(b)(1).

The Court must construe the complaint liberally because Mr. Edwards is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Edwards asserts three claims in the Amended Prisoner Complaint. First, he alleges that Defendants Lucy Hernandez and Judy Brizendine failed to provide him with proper medical care when they refused to follow doctors' orders regarding treatment for painful bunions on his feet. Second, he alleges that Defendants Laurie Knapp and Dr. Calbing refused to provide proper medical care for his bunions, resulting in pain and disfigurement of his feet. Third, he alleges that Defendant Correctional Corporation of America violated his constitutional rights when it failed to order its employees to provide proper medical care for his feet. Mr. Edwards appears to assert that Defendants have

been deliberately indifferent to his serious medical needs, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

However, the Court notes that Mr. Edwards is suing Defendant Corrections Corporation of America because this Defendant allegedly is responsible for the constitutional violations committed by other individuals. He may not do so because personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Edwards does not allege the personal participation of this Defendant. Accordingly, the claim against Defendant Corrections Corporation of America will be dismissed.

The Court will not address at this time the merits of Mr. Edwards' Eighth Amendment claims against Defendants Lucy Hernandez, Judy Brizendine, Laurie Knapp and Dr. Calbing. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendant Corrections Corporation of America is dismissed as a party to this action because the claim against it is legally frivolous. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 21 day of Oct., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01703-BNB

Johnny Edwards
Prisoner No. 60565
CMRC
2925 E. Las Vegas St.
Colorado Springs, CO 80906

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/22/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk