IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01703-WYD-MEH

JOHNNY EDWARDS,

    Plaintiff,

v.

LUCY HERNANDEZ, individual and official capacity,
JUDY BRIZENDINE, individual and official capacity,
LAURIE KNAPP, individual and official capacity, and
DOCTOR CALBING, individual and official capacity,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Plaintiff's Motion for Plaintiff's Name to be Placed on the Volunteer Counsel List [filed February 17, 2010; docket #35]. The motion is referred to this Court for disposition. (Docket #36.) For the reasons stated below, the Court **DENIES** Plaintiff's motion.

    The Court does not have the power to appoint an attorney over his or her objection, *Mallard v. United States District Court for the Southern Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Absent the power to appoint counsel to a case, the Court can only seek volunteer counsel to represent a plaintiff such as this Plaintiff.

    The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any

special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

In this case, Plaintiff has demonstrated his ability to frame facts and state claims for relief under various constitutional provisions. (*See* docket #12.) His filings to date indicates he is capable of presenting his claims adequately. The legal issues, though varied, are not overly complex, novel, or difficult to state or analyze.

The bare fact that the Plaintiff was previously incarcerated does not warrant the need for volunteer counsel. The fact of Plaintiff's previous incarceration is more the norm than a special circumstance in this type of case before the court, and therefore, does not provide special circumstances to consider in determining whether to seek volunteer counsel.

Accordingly, based on the foregoing and the entire record herein, the Court **DENIES** Plaintiff's Motion for Plaintiff's Name to be Placed on the Volunteer Counsel List [filed February 17, 2010; docket #35].

Dated at Denver, Colorado, this 19th day of February, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge