IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01703-WYD-MEH

JOHNNY EDWARDS,

    Plaintiff,

v.

LUCY HERNANDEZ, individual and official capacity,
JUDY BRISENDINE, individual and official capacity,
LAURIE KNAPP, individual and official capacity, and
DOCTOR CALBING, individual and official capacity,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

---

THIS MATTER is before the Court in connection with Defendants' Motion for Summary Judgment filed June 3, 2010. This motion was referred to Magistrate Judge Hegarty for a recommendation by Order of Reference dated October 29, 2009, and Memorandum dated June 3, 2010. A Recommendation to Grant Defendants' Motion for Summary Judgment was issued by Magistrate Judge Hegarty on August 11, 2010, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Magistrate Judge Hegarty notes in the Recommendation that after initial review, the Court dismissed one of Plaintiff's claims in his Amended Complaint, allowing two claims to proceed. (Recommendation at 2.) The remaining claims relate to Plaintiff's belief that Defendants violated his Eighth Amendment right to medical care when they

denied his requests for the prison to purchase shoes that accommodate his bunions, as allegedly directed by prison medical staff.  (*Id.*)   Magistrate Judge Hegarty construed Plaintiff's remaining Eighth Amendment claims as follows:  1) Defendant Hernandez violated Plaintiff's Eighth Amendment right to adequate medical care when she reviewed and denied Plaintiff's January 28, 2009 grievance; 2) Defendant Brizendine violated Plaintiff's right to adequate medical care when she reviewed and denied a grievance, also in violation of Department of Corrections Administrative Regulation 850-05; 3) Defendant Knapp violated Plaintiff's right to adequate medical care when she signed a grievance dated February 18, 2009, stating that medical would not provide shoes for any reason, despite an order for wider shoes issued by Dr. Sutton; and 4) Defendant Cabiling (misspelled as "Calbing" in the Amended Complaint) violated Plaintiff's right to adequate medical care the same by not ordering the nursing staff to provide Plaintiff with proper footwear.  (*Id.* at 3. and n. 2.)

As noted earlier, Magistrate Judge Hegarty recommends that Defendants' motion be granted.  As to Defendants Hernandez and Knapp, Magistrate Judge Hegarty finds that the motion should be granted based on their lack of personal involvement in the alleged violation.  (Recommendation at 10.)  He states, "As Plaintiff himself admits, Defendants Hernandez and Knapp are named in this action only because they signed denials of two separate Step One grievances filed by Plaintiff."  (*Id.*)  Therefore, he finds that Plaintiff's claims against Hernandez and Knapp fail as a matter of law.  (*Id.*)

As to Defendant Brizendine, Magistrate Judge Hegarty found that Plaintiff met the objective prong of the deliberate indifference standard but not the subjective prong.

(Recommendation at 11-14.) He noted that while Brizendine may have acted negligently, "this does not meet the standards requisite in an Eighth Amendment deliberate indifference claim." (*Id.* at 14.) In other words, he found that Plaintiff did not meet his burden of showing a genuine issue of material fact regarding Brizendine. (*Id.*)

Finally, as to Defendant Cabiling, Magistrate Judge Hegarty found that Plaintiff's claim amounted to no more than Plaintiff's perspective that Cabiling should have concluded the same diagnosis of Plaintiff's condition than described by another doctor. (Recommendation at 15-16.) However, he found that such disagreement is outside the scope of the Eighth Amendment. (*Id.* at 16.) Accordingly, Magistrate Judge Hegarty found that Plaintiff did not meet his burden of showing a genuine issue of fact as to that Defendant either. (*Id.*)

Based on the foregoing, Magistrate Judge Hegarty recommended that Defendants' Motion for Summary Judgment be granted in its entirety and Plaintiff's Amended Complaint be dismissed with prejudice. He advised the parties that specific written objections were due within fourteen (14) days after service of a copy of the Recommendation. (Recommendation at 1 n. 1 and 16 n. 5..) Despite this advisement, no objections were filed to the Magistrate Judge's Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects

to those findings"). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]  See Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I find the Recommendation to be thorough and well reasoned and agree with Magistrate Judge Hegarty that summary judgment should be granted in favor of Defendants on the grounds articulated in the Recommendation. Accordingly, it is

ORDERED that the Recommendation to Grant Defendants' Motion for Summary Judgment dated August 11, 2010 (ECF No. 50) is **AFFIRMED and ADOPTED**. In accordance therewith, it is

ORDERED that Defendants' Motion for Summary Judgment filed June 3, 2010 (ECF No. 41) is **GRANTED**. Summary judgment shall enter in favor of Defendants and against Plaintiff and this case shall be **DISMISSED** in its entirety.

Dated: September 8, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).